UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEXANDER LEFKOWITZ, individually and on
behalf of all other similarly situated,

        Plaintiff,

        v.

RETRIEVAL-MASTERS CREDITORS BUREAU,
INC. d/b/a AMERICAN MEDICAL COLLECTION
AGENCY,

        Defendant.

Civil Action No.:

---

## CLASS ACTION COMPLAINT
(Jury Trial Demanded)

    Plaintiff, Alexander Lefkowitz ("Plaintiff"), brings this action individually on

behalf of himself and on behalf of all other similarly situated in the State of New York

("Class Members"), to secure redress against unlawful debt collection practices engaged

in by defendant, Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical

Collection Agency, ("AMCA" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

    1.    The Court has subject matter jurisdiction over this proceeding pursuant to

28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k.

    2.    Venue in this Court is proper because (a) Defendants transact business in

this venue, and (b) Defendant's collection communications to Plaintiff were transmitted

in this venue.

## NATURE OF THIS ACTION

3.     In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendant for, *inter alia*, violations of the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*. [hereinafter "FDCPA"]).

## PARTIES

4.     Plaintiff is a natural person residing in Orange County New York.

5.     Plaintiff is a consumer as that term is defined by Section 1692 (a)(3) of the FDCPA.

6.     Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6).  Defendant uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.  Upon information and belief, defendant has a principal place of business in Elmsford, New York.

## FACTS PARTICULAR TO PLAINTIFF

7.     At a time better known to Defendant, Defendant commenced the attempted collection of a consumer debt allegedly owed by plaintiff to Quest Diagnostics Incorporated.

8.     Defendant sent a debt collection letter to Plaintiff dated October 20, 2011 (the "Dunning Letter").  A true and correct copy of the Dunning Letter is attached hereto as Exhibit "A" and incorporated herein by reference.

9.     The Dunning Letter states in relevant part:

> "We have been authorized to contact you regarding your past due account for laboratory tests ordered by your physician.  These charges were not included in any invoices you received from your doctor or hospital, but were billed directly by our client.

"If a claim has already been filed with your insurance company, it may have been denied or only partially paid. You have not paid as agreed and, therefore, owe this remaining balance.

**Your response may prevent further collection activity.**

"Your payment in full in the amount of **$147.25** should be sent in the enclosed envelope made payable to American Medical Collection Agency."

10. Twice printed, vertically, in capital letters and bold print in the right-hand margin of the Dunning Letter is the statement "**FILE UNDER REVIEW**".

11. The "file under review" statement, when read in conjunction the other statements made in the Dunning Letter, implies to the least sophisticated consumer that the amount demanded is subject to some potential adjustment and consequently may be more or less than what the consumer has been directed to pay.

12. The "file under review" language, when read in conjunction the other statements made in the Dunning Letter, further implies to the least sophisticated consumer that some aspect of the demanded debt is in fact being reviewed.

13. Language in a Dunning Letter which states unequivocally that a debt is owed, makes demand for full payment of said debt and yet includes the statement "FILE UNDER REVIEW" is confusing and deceiving to the least sophisticated consumer in that, among other ways, said statements are contradictory.

14. On or about January 6, 2012, Defendant was given written notice that, among other things, Plaintiff was represented by counsel with regard to the alleged debt it was attempting to collect from Plaintiff.

3

15.     Notwithstanding and subsequent to such written notice, Defendant continued its collection efforts directly to Plaintiff by attempting to contact him on his mobile phone.

16.     Such conduct constitutes improper direct contact with Plaintiff with knowledge that he is represented by counsel and is in violation of the FDCPA.

## CLASS ALLEGATIONS

17.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

18.     Plaintiff brings this action as a class action.  The Class Members include those who reside in the state of New York to whom Defendant sent a debt collection letter which claimed an amount due, made demand for payment such amount and which included the statement "**FILE UNDER REVIEW**".

19.     The Class Members include individuals to whom such letters were sent during the period beginning one year prior to the filing of this action and continuing until the date that the Court enters an order certifying the class (the "Class").

20.     Plaintiff is unable to state the precise number of potential Class Members because that information is exclusively in the possession of Defendant and readily available through discovery.

21.     Upon information and belief, the proposed Class is so numerous that joinder of all Class Members would be impracticable.

22.     There is a community of interest among the Class Members in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

23.     Plaintiff's claims are typical of those of the Class he seeks to represent.

24.     Plaintiff is represented by counsel competent and experienced in litigation of this sort.

25.     The common questions of law and fact predominate over any individual questions, in that the existence and extent of debt collection letters transmitted by Defendant which include the aforementioned contradiction in terms may be readily ascertained by reviewing the notices that Defendant prepared and sent, and any individual questions are subordinate to the common questions of whether Defendant's debt collection practices violate the FDCPA and whether Class Members are entitled to recover damages.

26.     A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual Class Members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for Class Members to seek redress individually.  The prosecution of separate actions by the individual Class Members would create risk of inconsistent or varying adjudications with respect to the claims asserted by the individual Class Members, and could create incompatible standards of conduct for Defendant.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FDCPA
### (15.S.C. § 1692 et. seq.)

27.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

28.     Defendant has violated the FDCPA in, *inter alia*, the following ways:

      (a)     Falsely representing the amount, character or legal status of the alleged debts owed by Plaintiff and the Class Members in violation of 15 U.S.C. §1692e(2); and

(b)     Falsely representing that Plaintiff and the Class Members' files were under review when in fact they were not under review in violation of §15 U.S.C. §1692e(10) ; and

(a)     Falsely representing that an absolute amount was due from Plaintiff and the Class Members at the same time the Plaintiff and the Class Members' files were under review in violation of §15 U.S.C. §1692e(10); and

(b)     Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff in an attempt to collect an alleged debt after obtaining knowledge that Plaintiff was represented by counsel with regard to that alleged debt.

(c)     Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692e.

29.     As a result and consequence of Defendant's violation of the FDCPA alleged herein, Plaintiff and the Class Members have been injured and are thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages 15 U.S.C. § 1692k(a)(1);

(b)     Statutory damages 15 U.S.C. § 1692k(a)(2);

(c)     Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3); and

(d)     Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
      February 1, 2012

                                   **THE LAW OFFICES OF**
                                   **ROBERT J. NAHOUM, P.C.**
                                   *Attorneys for Plaintiff*

                               By:                                     
                                    **ROBERT J. NAHOUM**
                                   99 Main Street, Suite 311
                                   Nyack, NY 10960
                                   (845) 450-2906
                                   rjn@nahoumlaw.com